**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**LAITH NIDAL ABDEL RAOUF OMAR,**                                            **PETITIONER**
**# A 244-850-106**

**VERSUS**                                               **CIVIL ACTION NO. 5:26cv4-DCB-RPM**

**WARDEN, ADAMS COUNTY
CORRECTIONAL CENTER; PAMELA
BONDI; and IMMIGRATION AND
CUSTOMS ENFORCEMENT FIELD
OFFICE DIRECTOR**                                                **RESPONDENTS**

**<u>ORDER OF DISMISSAL WITHOUT PREJUDICE</u>**

This matter is before the Court *sua sponte*.   *Pro se* Petitioner Laith Nidal Abdel Raouf Omar is an alien detainee at the Adams County Correctional Center.   He initiated this habeas action on January 9, 2026.

On January 12, 2026, the Court ordered Petitioner to either pay the filing fee or apply for leave to proceed *in forma pauperis*, by February 11.   Having received no response, on February 25, the Court entered the Order to Show Cause [3], directing him to either pay the fee, apply for *ifp*, or show cause why the case should not be dismissed for failure to obey a Court Order [2]. When Petitioner still did not respond, the Court entered the Second Order to Show Cause [4], on March 25, giving him a final chance to comply.

All Orders [2, 3, 4] were sent to Petitioner's address of record, and only the first Order to Show Cause was returned as undeliverable.   To date he has not responded or otherwise contacted the Court.   The Court has warned Petitioner that failure to comply may lead to the dismissal of this case.   (2d Order to Show Cause at 1); (Order to Show Cause at 1); (Order [2] at 1).   It is apparent from his failure to comply that he lacks interest in pursuing this claim.

The Court has the authority to dismiss an action for the petitioner's failure to obey a Court order, under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action *sua sponte*.  *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962).   The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.   Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court.   *Id.* at 629-30.   Respondents have never been called upon to respond to the Petition nor appeared in this action, and since the Court has not considered the merits of the claims, the case is dismissed without prejudice.

IT IS THEREFORE ORDERED AND ADJUDGED that, for the reasons stated above, this case should be and is hereby dismissed without prejudice for failure to prosecute and obey the Court's Orders.   A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

So ordered and adjudged, this the    24th   day of April, 2026.

s/David Bramlette
UNITED STATES DISTRICT JUDGE

2